UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALBERT DYTCH,<br><br>    Plaintiff,<br><br>  vs.<br><br>MOUSSAKA MEDITERRANEAN<br>KITCHEN LLC, et al.,<br><br>    Defendants. | Case No:  20-cv-06030 SBA<br><br>**ORDER GRANTING UNOPPOSED<br>MOTION FOR LEAVE TO FILE<br>FIRST AMENDED COMPLAINT**<br><br>Dkt. 40 |

  Plaintiff Albert Dytch ("Plaintiff") brings the instant disability access action against Defendants Moussaka Mediterranean Kitchen LLC; Croce Bevilacqua, Trustee of the 2003 Bevilacqua Family Trust; and Marisa Bevilacqua, Trustee of the 2003 Bevilacqua Trust (collectively "Defendants").  Presently before the Court is Plaintiff's unopposed Motion for Leave to File a First Amended Complaint.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court GRANTS the motion, for the reasons set forth below.  The Court, in its discretion, finds this mater suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.  BACKGROUND

  Plaintiff suffers from muscular dystrophy.  Compl. ¶ 8, Dkt. 1.  As a result, he is substantially limited in his ability to walk, has limited dexterity, and uses a wheelchair for mobility.  Id.  Defendants own, operate, and/or lease Moussaka Mediterranean Kitchen, located at 599 Dutton Avenue in San Leandro, California (hereafter, "the Facility").  Id. ¶¶ 1, 7.  Plaintiff visited the Facility on or about February 28, 2020.  Id. ¶ 10.  He alleges that, during this visit, he encountered six barriers that "interfered with, if not outright denied, [his] ability to use and enjoy the goods, services, privileges, and accommodations offered at the Faculty."  Id.

Plaintiff initiated the instant action against Defendants on August 27, 2020.  Dkt. 1. He brings causes of action under: (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; (2) the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53; and (3) California Government Code § 4450 and/or California Health and Safety Code § 19955.  Croce and Marisa Bevilacqua answered the Complaint on November 6, 2020, Dkt. 12, and Moussaka Mediterranean Kitchen LLC answered the Complaint on December 11, 2020, Dkt. 23.

The parties completed a joint site inspection of the Facility on February 19, 2021 and completed the requisite mediation session on August 6, 2021.  See Dkt. 27, 33.  On September 24, 2021, the Court entered an Order for Pretrial Preparation.  Dkt. 38.  As is pertinent here, the Court set January 31, 2022 as the deadline to amend the pleadings.  Id. On October 20, 2021, Plaintiff filed the instant Motion for Leave to File a First Amended Complaint, wherein he seeks leave to allege additional access barriers identified subsequent to the filing of the action.  Dkt. 40.  The proposed First Amended Complaint is attached to the motion.  Dkt. 40-1.  Defendants have not filed a response to the motion.

## II.  **LEGAL STANDARD**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires," id., and this policy is to be applied with "extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  In determining whether leave to amend is warranted, courts consider five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) prejudice to the opposing party; (4) futility of amendment; and (5) repeated failure to cure deficiencies by amendments previously allowed.  Id. at 1052 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Of these factors, "it is the consideration of prejudice to the

opposing party that carries the greatest weight." Id. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* . . . in favor of granting leave to amend." Id. (emphasis in original).

## III.  **DISCUSSION**

Title III of the ADA prohibits discrimination on the basis of disability by any person who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). "In the context of existing facilities, discrimination includes 'a failure to remove architectural barriers … where such removal is readily achievable.'" Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (citing 42 U.S.C. § 12182(b)(2)(A)(iv)).  A disabled person has standing to bring an ADA claim for injunctive relief where he encounters or becomes aware of alleged barriers that interfere with his full and equal enjoyment of a facility. Id. at 947.  Where a disabled person has standing based on one or more alleged barriers, he may conduct discovery to determine what, if any, other barriers affecting his disability existed at the time he brought the claim. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1043-44 (9th Cir. 2008).  "This list of barriers would then in total constitute the factual underpinnings of a single legal injury, namely, the failure to remove architectural barriers in violation of the ADA …." Id.

In view of the foregoing, Plaintiff is entitled to amend his Complaint to allege access barriers that were identified subsequent to the filing of the action.  Plaintiff timely filed the instant motion and there is no evidence of bad faith or dilatory motive.  The action is still in the early stages and amendment is unlikely to impact the case schedule.  As stated above, Defendants do not oppose the motion, and thus, do not argue that they would suffer prejudice.  Nor is any prejudice apparent.  Finally, the amendment does not appear futile, as the proposed First Amended Complaint merely augments the factual underpinnings of Plaintiff's existing claims by alleging additional access barriers.  Under these circumstances, granting leave to amend will avoid piecemeal litigation and promote the purpose of the ADA by allowing Plaintiff to address all alleged access barriers that interfere with his full and equal enjoyment of the Facility. See Doran, 524 F.3d at 1043.

## IV.     **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiff's motion for leave to file a First Amended Complaint is GRANTED.  Plaintiff shall file his First Amended Complaint within 7 days of the date this Order is issued.

IT IS SO ORDERED.

Dated: January 4, 2022

_Saundra B. Armstrong_ RS

RICHARD SEEBORG FOR SAUNDRA B. ARMSTRONG
UNITED STATES DISTRICT JUDGE